IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES G. ANDERSON,

               Petitioner,                           ORDER

     v.                                          09-cv-742-bbc

KAREN TIMBERLAKE, Secretary,
Department of Health Services,

               Respondent.

---

     Charles G. Anderson, a person confined as a sexually violent person under Wisconsin's sexual predator statute, Wis. Stat. Ch. 980, has filed a document styled as a petition for a writ of habeas corpus. He has paid the five dollar filing fee. Petitioner is in custody at the Wisconsin Resource Center in Winnebago, Wisconsin. He seeks a temporary restraining order "requiring the state to cease and desist in their present policy of shuttling detainees back and forth" between a treatment facility for sex offenders in Mauston, Wisconsin and the Wisconsin Resource Center, a correctional facility run by the Department of Corrections.

     In asking for relief by way of habeas corpus, petitioner has chosen the wrong procedure for challenging his placement at the Wisconsin Resource Center. Even assuming petitioner has facts that would state a constitutional claim, he cannot obtain a remedy through habeas corpus because he is not trying to secure his release from confinement or to

shorten the length of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Instead, he is seeking a "different program or location or environment," which means that he "is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). Just as an inmate in segregation is not "in custody" for purposes of § 2254, petitioner is not in custody for § 2254 purposes by virtue of his placement at the Wisconsin Resource Center. Therefore, he cannot use habeas corpus to challenge the transfer. Falcon v. United States Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995) (habeas corpus cannot be used to challenge transfer between prisons).

If plaintiff wishes to pursue his claim, he must file a civil action under 42 U.S.C. § 1983.

ORDER

IT IS ORDERED that the petition of Charles Anderson for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE because habeas corpus is not the proper procedural vehicle for his claim.

Entered this 11th day of December, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge