IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES G. ANDERSON,

                Petitioner,                        ORDER

     v.                                            09-cv-742-bbc

KAREN TIMBERLAKE, Secretary,
Department of Health Services,

                Respondent.

---

On December 11, 2009, this court entered an order dismissing Charles G. Anderson's habeas corpus application without prejudice, explaining that petitioner's challenge to his transfer to the Wisconsin Resource Center was not properly brought in a habeas corpus petition but could be raised in a civil action pursuant to 42 U.S.C. § 1983. Petitioner has now filed a motion for reconsideration, asserting that the state's actions are unconstitutional and that a habeas corpus action is a more expedient way to obtain relief. Although I understand petitioner's argument, it does not persuade me that I erred in dismissing his petition. Unlike the petitioner in Young v. Weston, 898 F. Supp. 744 (W.D. Wash. 1995), petitioner does not allege that he is being held in custody under a facially unconstitutional statute. What he alleges is that state officials are violating the statute by housing him and other Chapter 980 detainees prisoners in a correctional facility instead of a treatment facility. As I stated in the December 11 order, this is a challenge to the conditions of his

confinement and not to the fact of his confinement. So understood, the claim is not one over which this court has jurisdiction under 28 U.S.C. § 2254.

In the alternative, petitioner asks the court to grant him a certificate of appealability. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). When, as in this case, a district court dismisses the petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must show that the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Reasonable jurists would not debate the decision that habeas corpus relief is not available to challenge petitioner's transfer to the Wisconsin Resource Center.

ORDER

IT IS ORDERED that the motion of Charles Anderson for reconsideration is DENIED and petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge